543 Pa. 74 (1995)
669 A.2d 911
SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY, Appellant,
v.
WORKMEN'S COMPENSATION APPEAL BOARD (HENDERSON), Appellee.
Supreme Court of Pennsylvania.
Argued October 23, 1995.
Decided December 29, 1995.
*75 Paul M. Della Franco, Springfield, Eric Lechtzin, Philadelphia, for S.E.P.T.A.
Picard Losier, Philadelphia, for A. Henderson.
Before NIX, C.J. and FLAHERTY, ZAPPALA, CAPPY, CASTILLE and MONTEMURO, JJ.

OPINION OF THE COURT
FLAHERTY, Justice.
This case raises issues concerning the proof and effect of voluntary retirement as they affect partial disability payments in the context of workers' compensation. A referee suspended the partial disability payments of claimant Albert Henderson based on a finding that the claimant had retired as of that date. The Workmen's Compensation Appeal Board reversed and its order was affirmed by the Commonwealth Court. We granted the appeal to review the standard applied by the Commonwealth Court.
The claimant, Albert Henderson, suffered an injury to his right knee while employed as a mechanic by SEPTA in 1980, *76 and began receiving total disability payments pursuant to a notice of compensation payable. Within a year, he returned to a light duty position with SEPTA and his compensation was reduced to partial disability. In 1985, due to a recurrence of work-related disability, Henderson returned to total disability status, then later in 1985, reverted to partial disability. Subsequent litigation in 1989 over his proper status resulted in hearings before a referee, who decided that Henderson was entitled to total disability compensation until July 1, 1989.
The referee suspended Henderson's compensation due to his testimony that he was receiving Social Security retirement benefits and that he was applying for a pension from SEPTA on his 65th birthday, June 18, 1989, together with evidence that he began receiving pension benefits on July 1, 1989. Henderson testified that he was not looking for work. The referee concluded that Henderson was retired from the labor force as of that date and was therefore not entitled to further compensation.
Henderson contested this conclusion, and the Workmen's Compensation Appeal Board reversed the referee, basing its decision on Dugan v. Workmen's Compensation Appeal Board (Fuller Co.), 131 Pa.Cmwlth. 218, 569 A.2d 1038 (1990), interpreting it to mean that disability benefits cannot be suspended merely because a claimant receives pension benefits and Social Security retirement benefits; there must also be unequivocal evidence that the claimant has no intention of seeking employment after retirement.
SEPTA appealed to the Commonwealth Court, which affirmed the order of the WCAB, citing Dugan, supra, as well as its decisions in Nabisco v. Workmen's Compensation Appeal Board (Kelly), 148 Pa.Cmwlth. 343, 611 A.2d 352 (1992); Schmidt v. Workmen's Compensation Appeal Board (Fetch), 140 Pa.Cmwlth. 590, 594 A.2d 812 (1991); and Patterson-Kelly Co. v. Workmen's Compensation Appeal Board (Woodrow), 137 Pa.Cmwlth. 567, 586 A.2d 1043 (1991). The Commonwealth Court emphasized, as did the WCAB, the statement in Dugan, supra, that suspension of compensation benefits is appropriate upon retirement if "a claimant states unequivocally *77 that he has no intention of seeking future employment." Dugan, 131 Pa.Cmwlth. at 222, 569 A.2d at 1040. At his June 5, 1989, compensation hearing, Henderson was asked, "And you are not looking for any work; is that correct?" He responded, "No sir. Not now." Neither the WCAB nor the Commonwealth Court regarded the answer to be sufficiently unequivocal to justify suspension of benefits upon Henderson's retirement.
We conclude that the referee applied the correct legal standard in suspending Henderson's benefits on July 1, 1989, and it was erroneous to reverse that decision.
The issue arose in the context of litigation over whether Henderson's total disability status should have been reduced to partial disability due to the availability of light duty work within Henderson's physical limitations. In the seminal case of Kachinski v. Workmen's Compensation Appeal Board, 516 Pa. 240, 532 A.2d 374 (1987), this court addressed the process of revising disability status in this context. We set forth a requirement that the employer prove a referral to an available job which satisfies the claimant's medical clearance. Id. at 252, 532 A.2d at 380. What effect retirement might have on this process was not an issue in the case.
The effect of retirement has, however, been the subject of several Commonwealth Court opinions. In Dugan, supra, the court refused to apply the Kachinski rule requiring the employer to prove a referral to an available, medically satisfactory job when "a claimant states unequivocally that he has no intention of seeking future employment," Dugan, 131 Pa. Cmwlth. at 222, 569 A.2d at 1040, and is therefore no longer part of the labor market. The Commonwealth Court so formulated its rule based on the testimony in the Dugan case: "Are you attempting to obtain employment, Mr. Dugan? No, I am retired." Id. at 221, 569 A.2d at 1040. Conversely, in Schmidt and Patterson-Kelly Co., supra, the Commonwealth Court refused to suspend compensation as in Dugan due to proof that the retired claimants intended to continue working after retirement, and in Nabisco, due to the claimant retiring only because of his work-related injury.
*78 The effect of voluntary retirement upon eligibility for workers' compensation benefits has been addressed by this court, albeit in an occupational disease case which was decided after the Commonwealth Court decision in the case sub judice. Republic Steel Corp. v. W.C.A.B. (Petrisek), 537 Pa. 32, 640 A.2d 1266 (1994), is instructive despite the distinction between injury and occupational disease cases, for it summarizes the controlling principles which guide our analysis. In responding to the employer's contention that, as the claimant had voluntarily retired and had no intention of returning to the work force, he suffered no wage loss and was not entitled to compensation benefits, we stated:
In Pennsylvania, disability under the [Workmen's Compensation] Act has always been synonymous with loss of earning power.
. . . .
Unora [v. Glen Alden Coal Co., 377 Pa. 7, 104 A.2d 104 (1954)] clearly established that entitlement to benefits under the Act is contingent upon proof that the claimant suffered an injury or disease in the work place and the injury or disease affects his or her ability to earn a wage.
. . . .
A disability which forces a claimant out of the work force and into retirement is compensable under the Act. But, where the claimant suffers a disability which has no effect upon his earning power, no entitlement to benefits arises under the Act.
. . . .
Accordingly, as . . . this claimant offered no evidence that he was forced into compulsory retirement due to his disabling occupational disease, but rather, voluntarily retired from the work force in 1981, he is not entitled to benefits under the Workmen's Compensation Act. Benefits under the Act will only be permitted where the disabling, work related injury or disease results in a loss of earning power.
Id. at 35-38, 640 A.2d at 1268-70 (emphasis in original; footnote omitted).
*79 It is clear that disability benefits must be suspended when a claimant voluntarily leaves the labor market upon retirement. The mere possibility that a retired worker may, at some future time, seek employment does not transform a voluntary retirement from the labor market into a continuing compensable disability. An employer should not be required to show that a claimant has no intention of continuing to work; such a burden of proof would be prohibitive. For disability compensation to continue following retirement, a claimant must show that he is seeking employment after retirement or that he was forced into retirement because of his work-related injury.
In this case, Henderson testified at the time of his retirement that he was not then seeking employment. The referee correctly concluded that his compensable disability ceased at that time and that his compensation benefits must be suspended. The speculative possibility that circumstances might change in the future does not alter the case. If circumstances subsequently change in fact, a claimant might then be entitled to yet another change in his disability status; under the facts of this case, however, the referee's disposition was correct and the orders entered by the WCAB and the Commonwealth Court were erroneous.
Accordingly, the order of the Commonwealth Court is reversed.
MONTEMURO, J., participates by designation as a senior judge provided by Rule of Judicial Administration 701(f).