**Thomas E. KASPER, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (Perloff Brothers, Inc. and Sedgwick James & Company), Respondents.**

Commonwealth Court of Pennsylvania.

Submitted July 7, 2000.
Decided March 16, 2001.

Robert A. Sloan, Philadelphia, for petitioner.

Mary T. Uhlig, Philadelphia, for respondents.

Before DOYLE, President Judge, LEADBETTER, Judge, and LEDERER, Senior Judge.

LEADBETTER, Judge.

Petitioner, Thomas E. Kasper (claimant), appeals from the January 14, 2000 order of the Workers' Compensation Appeal Board (Board), affirming the Workers' Compensation Judge's (WCJ) grant of Perloff Brothers, Inc.'s (employer) suspension petition.

Claimant began receiving workers' compensation benefits pursuant to a notice of compensation payable for an injury which occurred on October 18, 1990. Employer has filed multiple petitions for suspension or termination of claimant's benefits. Relevant to the appeal before us is employer's suspension petition of March 7, 1996, which alleges that as of February 2, 1992, claimant retired from employment with employer and voluntarily withdrew himself from the labor market. Despite denying employer's other petitions for suspension and termination, the WCJ granted employer's March 7, 1996 suspension petition based upon his finding that claimant had voluntarily retired from the work force with no intention of pursuing further employment. The Board affirmed the WCJ's decision.

On appeal,[1] claimant argues that the WCJ and the Board erred in their application of the rule permitting suspension when a claimant voluntarily retires from the workforce. Claimant further argues that the WCJ's determination was based upon impermissible considerations and findings of fact not supported by substantial competent evidence.

Claimant testified at a hearing held on September 24, 1996. In his findings of fact, the WCJ summarized claimant's testimony as follows:

a. On October 18, 1990, Claimant injured his neck, arms, and shoulders while lifting a case of four-gallon cans. He experienced constant pain since his work accident. As a result of this condition, he did not feel able to perform his pre-injury duties. He underwent cervical spine surgery in 1992.

b. He retired from Tartan Foods in 1992, after the company informed him that no work was available. He was willing to work if Defendant was able to provide a job that was within his physical limitations. He indicated that he was retiring when he completed the application to receive his pension benefits. He currently receives $453.00 in Social Security disability benefits and $419.00 in Workers' Compensation benefits. He was entitled to Union pension benefits at the time of his work injury. His pension is currently $759.00 a month.

c. He purchased a lot in Florida in 1989 or 1990 and had a mobile home placed on the property in 1991. On or about August 1, 1993, he moved into the mobile home. He has not looked for employment, or contacted any personnel companies to try to find employment in the last three years. He plays golf once

---

1. Based upon the issues raised, the scope of our review is limited to a determination of whether necessary findings of fact are supported by substantial competent evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *ABF Freight Systems, Inc. v. Workers' Compensation Appeal Bd. (Iten)*, 744 A.2d 348, 350 n. 3 (Pa.Cmwlth. 2000).

or twice a week since he moved to Florida.

d. He had not undergone surgery because his doctor stated that the surgery was necessary only if the pain was unbearable. Furthermore, it was his understanding that any further surgery would cause him to lose motion in his neck.

R.R. at 304. Although finding credible claimant's testimony as to his ongoing pain, the WCJ found that Claimant "voluntarily retired from the work force with no intention of pursuing further employment." *Id.* at 305. The WCJ explained that:

Claimant opted for retirement without asking Defendant if modified employment was available. Notable is the fact that Claimant's pension and benefits exceeded his average weekly wage. Furthermore, while Claimant expressed [in his testimony] a willingness to continue working, Claimant never contacted any personnel companies or made any attempt to find employment in three years. Claimant's lifestyle since his move to Florida does not suggest that he intends to reenter the work force. Therefore, this Judge finds that Claimant's testimony regarding the issue of retirement is neither credible nor persuasive.

*Id.*

Generally, in order to obtain a suspension of benefits, an employer must prove that employment has been made available to a claimant. *See Kachinski v. Workmen's Compensation Appeal Bd. (Vepco Constr. Co.),* 516 Pa. 240, 252, 532 A.2d 374, 380 (1987). This rule is inapplicable, however, where a claimant has no intention of seeking future employment. *Dugan v. Workmen's Compensation Appeal Bd. (Fuller Co. of Catasauqua),* 131 Pa.Cmwlth.218, 569 A.2d 1038, 1040 (1990).

Thus, workers' compensation benefits must be suspended when a claimant voluntarily leaves the labor market. *Southeastern Pa. Trans. Auth. v. Workmen's Compensation Appeal Bd. (Henderson),* 543 Pa. 74, 79, 669 A.2d 911, 913 (1995). In *Henderson,* our Supreme Court set forth the standard to be applied in such cases of voluntary retirement:

The mere possibility that a retired worker may, at some future time, seek employment does not transform a voluntary retirement from the labor market into a continuing compensable disability. An employer should not be required to show that a claimant has no intention of continuing to work; such a burden of proof would be prohibitive. For disability compensation to continue following retirement, a claimant must show that he is seeking employment after retirement or that he was forced into retirement because of his work related injury.

*Id.* at 79, 669 A.2d at 913.

In arguing that the WCJ and the Board misapplied the rule contained in *Henderson,* claimant contends that the WCJ effectively misinterpreted the rule as requiring a claimant to show both that he is seeking employment after retirement and that he was forced into retirement, instead of one or the other. This interpretation misconstrues the WCJ's opinion, which concludes that "claimant *voluntarily* retired from the work force with no intention of pursuing further employment," [emphasis added] a finding clearly subsuming both factors discussed in *Henderson.* Moreover, claimant ignores the fact that he bore the burden of persuasion on this issue and the WCJ simply found him lacking in credibility.

Next, claimant takes issue with the WCJ's statement of reasons for this credibility determination. He argues that he should not be "punished" for moving to

Florida, joining a golf club and playing bingo,[2] and asserts that the WCJ's comparison of benefits to average weekly wage is inaccurate.[3] We decline claimant's invitation to individually scrutinize each of the WCJ's reasons for his credibility determination. Deciding credibility is the quintessential function of the fact-finder, particularly one who sees and hears the testimony. It is not an exact science, and the ultimate conclusion comprises far more than a tally sheet of its various components. We will not take the statutory mandate [4] that a WCJ explain reasons for discrediting evidence as a license to undermine the exercise of this critical function by second guessing one or more of its constituent parts.

■ As we have recently noted:

> [T]he WCJ's prerogative to determine the credibility of witnesses and the weight to be accorded evidence has not been diminished by the amendments to Section 422(a). Such determinations are binding on appeal unless made arbitrarily and capriciously.

*Empire Steel Castings, Inc. v. Workers' Compensation Appeal Bd. (Cruceta),* 749 A.2d 1021, 1027 (Pa.Cmwlth.2000) [quoting *PEC Contracting Eng'rs v. Workers' Compensation Appeal Bd. (Hutchison),* 717 A.2d 1086, 1089 (Pa.Cmwlth.1998) and

*Roccuzzo v. Workers' Compensation Appeal Bd. (Sch. Dist. of Philadelphia),* 721 A.2d 1171, 1175 (Pa.Cmwlth.1998) ]. Nothing in this record suggests that the WCJ acted arbitrarily or capriciously. Accordingly, we affirm.

### ORDER

AND NOW, this 16th day of March, 2001, the order of Workers' Compensation Appeal Board in the above captioned matter is hereby AFFIRMED.

---

2. The WCJ does not anywhere suggest that he found claimant's lifestyle worthy of punishment, only that it shed light on claimant's intentions regarding retirement.

3. ·Although the record on these issues as well as the WCJ's math is not altogether clear, claimant may well be correct that the WCJ miscalculated the benefits/average weekly wage comparison. Nonetheless, we do not find this potential mistake so critical to his ultimate ·credibility as to warrant a remand for further explanation.

4. Section 422(a) of the Workers' Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 834, provides as follows:

The workers' compensation judge shall specify the evidence upon which the workers' compensation judge relies and state the reasons for accepting it in conformity with this section. When faced with conflicting evidence, the workers' compensation judge must adequately explain the reasons for rejecting or discrediting competent evidence. Uncontroverted evidence may not be rejected for no reason or for an irrational reason; the workers' compensation judge must identify that evidence and explain adequately the reasons for its rejection. The adjudication shall provide the basis for meaningful appellate review.