**Frances KEENE, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (OGDEN CORPORATION), Respondent.**

Commonwealth Court of Pennsylvania.

Argued April 4, 2011.
Decided May 19, 2011.

---

**244**

Daniel K. Bricmont, Pittsburgh, for petitioner.

Dale A. Cable, Mount Lebanon, for respondent Ogden Corporation.

BEFORE: PELLEGRINI, Judge, and SIMPSON, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Senior Judge FRIEDMAN.

Frances Keene (Claimant) petitions for review of that portion of the June 6, 2010, order of the Workers' Compensation Appeal Board (WCAB), which reversed the decision of the workers' compensation judge (WCJ) to deny Ogden Corporation's (Employer) suspension petition. We reverse.

In 1989, Claimant sustained a work-related injury to her right knee when she slipped on the step of an airport passenger shuttle she was operating for Employer. Claimant has undergone knee replacement surgery, has reached maximum medical improvement and is able to perform only full-time sedentary work. She has a high school education and no additional training, education, or experience operating a cash register or computer.

Following her knee surgery, Claimant began looking in the newspaper for suitable work. Claimant received leads on jobs and applied for every one, but she was not hired. Claimant later applied for jobs with several rental car agencies and Wal–Mart, but she was not hired. She continued to search the newspaper for work and began searching for possible positions on the Comcast job search website.

On October 9, 2007, Employer filed a suspension petition alleging that Claimant has voluntarily removed herself from the work force. After Employer filed the petition, Claimant applied for work as a driver for Budget and Avis rental car companies, but she was not hired.

Employer's suspension petition was assigned to a WCJ, who held hearings on the matter. Claimant testified in opposition to the petition regarding her attempts to obtain employment within her physical capabilities, education, training and experience. Claimant also testified that she is not receiving a pension and has never submitted a retirement statement to Employer, but she does receive social security disability benefits.[1] After considering the evidence,

---

1. The record does not reflect when Claimant began receiving the social security disability

the WCJ accepted Claimant's testimony that she has been actively seeking employment and found that Claimant has not voluntarily removed herself from the workforce. Thus, the WCJ denied Employer's suspension petition.

Employer appealed to the WCAB, arguing that the WCJ erred in finding that Claimant has not voluntarily removed herself from the workforce. The WCAB agreed and reversed. In doing so, the WCAB relied upon Claimant's testimony that she did not apply for work for two years because it was very depressing. "Claimant's admitted failure to make any effort to apply for work for two years based solely on her negative feelings about the job seeking process establishes that she withdrew from the workforce by choice...." (WCAB Decision, 6/29/10, at 4–5.) Thus, in effect, the WCAB granted Employer's suspension petition.[2] Claimant now petitions this court for review.[3]

■ Claimant argues that the WCAB erred in concluding that her failure to look for work during a two-year period establishes that Claimant voluntarily removed herself from the workforce. We agree.

Pursuant to Section 306(b)(2) of the Workers' Compensation Act (Act)[4] and *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.),* 516 Pa. 240, 532 A.2d 374 (1987), an employer seeking to suspend a claimant's workers' compensation benefits must meet the following requirements:

1. The employer who seeks to modify a claimant's benefits on the basis that he has recovered some or all of his ability must first produce medical evidence of a change in condition.

2. The employer must then produce **evidence of a referral (or referrals)** to a then open job (or jobs), which fits in the occupational category for which the claimant has been given medical clearance, e.g., light work, sedentary work, etc.

3. The claimant must then demonstrate that he has in good faith followed through on the job referral(s).

4. If the referral fails to result in a job then claimant's benefits should continue.

*Id.,* at 252, 532 A.2d at 380 (emphasis added).

---

benefits.

2. We note that the WCAB did not indicate when the suspension of Claimant's benefits would begin. If the WCAB intended to start the suspension at the beginning of the two-year period when Claimant stopped looking for work, we point out that the record does not specify when the two-year period began or ended, and, therefore, such a time line would not be supported. Employer had the burden of proving when the suspension that it sought should commence.

Moreover, in *Day v. Workers' Compensation Appeal Board (City of Pittsburgh),* 6 A.3d 633, 644 (Pa.Cmwlth.2010) (McCullough, J., concurring), Judge McCullough stated her view that a claimant should have no duty to look for work until an employer provides notice to the claimant that the employer has reason to

believe that the claimant has voluntarily withdrawn from the workforce. If this court were to adopt Judge McCullough's view, then we would conclude that the WCAB erred in granting Employer's suspension because there is no evidence that Employer gave Claimant notice prior to the two-year period at issue here that Employer had reason to believe Claimant had voluntarily removed herself from the workforce.

3. Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law and whether the necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

4. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 512(2).

 However, an employer is not required to prove the availability of suitable work when the employer proves by a totality of the circumstances that the claimant has voluntarily retired from the workforce. *SEPTA v. Workmen's Compensation Appeal Board (Henderson)*, 543 Pa. 74, 79, 669 A.2d 911, 913 (1995); *City of Pittsburgh v. Workers' Compensation Appeal Board (Robinson)*, 4 A.3d 1130, 1134 (Pa. Cmwlth.2010), *appeal granted,* —— Pa. ——, 17 A.3d 917 (2011). Once an employer proves that a claimant has voluntarily retired, the claimant may continue to receive disability benefits if the claimant shows that: (1) she is seeking employment after retirement; or (2) she was forced into retirement because of the work injury. *Henderson*, 543 Pa. at 79, 669 A.2d at 913.

 Here, the WCAB concluded that Claimant voluntarily withdrew from the workforce because she did not look for work for two years.[5] However, in a voluntary retirement case, a claimant's failure to seek employment is relevant only **after** the employer initially proves that the claimant has voluntarily retired from the workforce. An employer cannot rely on a claimant's failure to seek work to prove a voluntary retirement from the workforce because **a claimant has no duty to seek work until the employer meets its initial burden to show a voluntary retirement.** Until the employer proves a voluntary retirement, the employer has a duty to make job referrals to the claimant.[6]

In *Robinson,* this court stated that an employer may meet its initial burden of proving a voluntary retirement by showing: (1) there is no dispute that the claimant is retired; (2) the claimant has accepted a retirement pension; or (3) the claimant has accepted a pension and refused suitable employment. *Robinson*, 4 A.3d at 1138. Here, Claimant has disputed that she is retired; Claimant has not accepted a retirement pension;[7] and Claimant has not refused suitable work. Thus, pursuant to *Robinson,* Employer has not met its initial burden.[8]

Accordingly, we reverse.

---

5. We note that the WCJ was the fact finder in this case, *Hershgordon v. Workers' Compensation Appeal Board (Pepboys, Manny, Moe and Jack)*, 14 A.3d 922, 928 (Pa.Cmwlth.2011), and the WCJ made no finding that Claimant failed to seek work for two years. In making its own finding in that regard, the WCAB exceeded its authority.

6. An employer is not obligated to make job referrals to a claimant who has voluntarily retired from the workforce because such a claimant has indicated a desire not to work. *Robinson*, 4 A.3d at 1138. Claimant's failure to look for work for two years because the process was depressing does not mean that Claimant had no desire to work and does not mean that Claimant would have ignored a job referral made by Employer during that period of time.

7. Thus, this case is distinguishable from *Day,* where the claimant accepted a pension from his employer, as well as social security benefits. *See Day,* 6 A.3d at 639.

8. Although the WCAB did not consider the fact that Claimant received social security disability benefits in making its determination, we note that the receipt of social security disability benefits, by itself, does not prove that Claimant voluntarily removed herself from the workforce. *Robinson*, 4 A.3d at 1137. Social security disability benefits are given to those who are unable "to engage in any substantial gainful activity" because of a medically determinable impairment which lasts for twelve months and is so severe that the individual "is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(1)(A), 423(d)(2)(A) (LexisNexis 2011). Thus, the receipt of social security disability benefits is actually not evidence that a person voluntarily withdrew from the workforce, but, rather, is evidence that the person's work injury took them out of the labor market.

*ORDER*

AND NOW, this 19th day of May, 2011, that portion of the order of the Workers' Compensation Appeal Board, dated June 6, 2010, which reversed the decision of the Workers' Compensation Judge to deny Og-den Corporation's suspension petition, is reversed.

We also note that, in *Kachinski*, 516 Pa. at 245–47, 532 A.2d at 376–77, our Supreme Court discussed the differences between social security disability benefits and workers' compensation benefits. For example, our Supreme Court pointed out that social security disability benefits are based on a person's payment of a tax, and, in that sense, they are earned benefits; however, workers' compensation benefits are payments made by an employer, pursuant to a statutory tort system, to a person injured in the workplace. *Id.* Thus, the receipt of "earned" social security disability benefits does not preclude the receipt of "tort" payments under the workers' compensation system.