**Frances KEENE, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (OGDEN CORPORATION), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 25, 2014.

Decided June 4, 2014.

Daniel K. Bricmont, Pittsburgh, for petitioner.

Sandra L. Alven, Pittsburgh, for respondent Ogden Corporation.

BEFORE: McGINLEY, Judge, and McCULLOUGH, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Senior Judge FRIEDMAN.

Frances Keene (Claimant) petitions for review of that portion of the June 29, 2010, order of the Workers' Compensation Appeal Board (WCAB), which reversed the decision of the workers' compensation judge (WCJ) to deny Ogden Corporation's (Employer) suspension petition. We reverse.

In 1989, Claimant sustained a work-related injury to her right knee when she slipped on the step of an airport passenger shuttle she was operating for Employer. Claimant has undergone knee replacement surgery, has reached maximum medical improvement, and is able to perform only full-time, sedentary work. She has a high school education and no additional training, education, or experience operating a cash register or computer. (WCJ's Findings of Fact, Nos. 3–4.)

Following her knee surgery in 1995, Claimant began looking in the newspaper for suitable work. Claimant received leads on jobs and applied for all of them, but she was not hired. Subsequently, in 2001 or 2002, Claimant worked a light-duty job with Employer for two years until Employer eliminated the position. Claimant did not receive any job referrals from Employer after her position was eliminated. Thereafter, Claimant applied for jobs with

several rental car agencies and Wal–Mart, but she was not hired. She continued to search the newspaper for work and began searching for positions on the Comcast job search website. (WCJ's Findings of Fact, No. 3; WCAB's Decision, 6/29/10, at 3.)

On October 9, 2007, Employer filed a suspension petition alleging that Claimant has voluntarily removed herself from the work force. After Employer filed the petition, Claimant applied for work as a driver at two rental car companies, but she was not hired. (WCJ's Findings of Fact, Nos. 1, 3(g).)

Employer's suspension petition was assigned to a WCJ, who held hearings on the matter. Claimant testified in opposition to the petition regarding her attempts to obtain employment within her physical capabilities, education, training, and experience. Claimant also testified that she is not receiving a pension and has never submitted a retirement statement to Employer, but she does receive social security disability benefits.[1] (WCJ's Findings of Fact, No. 3.) After considering the evidence, the WCJ accepted Claimant's testimony that she has been actively seeking employment and found that Claimant has not voluntarily removed herself from the workforce. (Id., No. 6.) Thus, the WCJ denied Employer's suspension petition.

Employer appealed to the WCAB, arguing that the WCJ erred in finding that Claimant has not voluntarily removed herself from the workforce. The WCAB agreed and reversed. In doing so, the WCAB placed the burden on Claimant to prove "that she did not voluntarily leave the workforce by showing either that she

---

1. The record does not reflect when Claimant began receiving the social security disability benefits.

is seeking employment or that her work-related injury forced her out of employment." (WCAB's Decision, 6/29/10, at 2.) The WCAB relied upon Claimant's testimony that she did not apply for work for possibly two years because it was very depressing. "Claimant's admitted failure to make any effort to apply for work for two years based solely on her negative feelings about the job seeking process establishes that she withdrew from the workforce by choice...." (*Id.* at 4–5.) Thus, the WCAB granted Employer's suspension petition.[2]

Claimant petitioned this court for review. On May 19, 2011, we issued a decision reversing the WCAB. *See Keene v. Workers' Compensation Appeal Board (Ogden Corporation)*, 21 A.3d 243 (Pa. Cmwlth.2011). On December 9, 2013, the Pennsylvania Supreme Court vacated this court's order and remanded the matter for reconsideration in light of its recent decision in *City of Pittsburgh v. Workers' Compensation Appeal Board (Robinson)*, 620 Pa. 345, 67 A.3d 1194 (2013). *See Keene v. Workers' Compensation Appeal Board (Ogden Corporation)*, — Pa. —, 81 A.3d 881 (2013). Thus, Claimant's petition for review is again before this court.[3]

The Supreme Court's decision in *City of Pittsburgh* states in pertinent part:

> Where the employer challenges the entitlement to continuing compensation on grounds that the claimant has removed himself or herself from the general workforce by retiring, the employer has the burden of proving that the claimant has voluntarily left the workforce. There is no presumption of retirement arising from the fact that a claimant seeks or accepts a pension, much less a disability pension; rather, the worker's acceptance of a pension entitles the employer only to a permissive inference that the claimant has retired. Such an inference, if drawn, is not on its own sufficient evidence to establish that the worker has retired—the inference must be considered in the context of the totality of the circumstances. The factfinder must also evaluate all of the other relevant and credible evidence before concluding that the employer has carried its burden of proof.
>
> If the employer produces sufficient evidence to support a finding that the claimant has voluntarily left the workforce, then the burden shifts to the claimant to show that there in fact has been a compensable loss of earning power. Conversely, if the employer fails to present sufficient evidence to show that the claimant has retired, then the employer must proceed as in any other case involving a proposed modification or suspension of benefits.

*Id.* at 1209–10.

Claimant argues that Employer failed to meet its burden of proving that Claimant has voluntarily left the workforce pursuant to *City of Pittsburgh*. We agree.

---

2. We note that the WCAB did not indicate when the suspension of Claimant's benefits would begin. If the WCAB intended to start the suspension at the beginning of the two-year period when Claimant stopped looking for work, we point out that the record does not specify when the two-year period began or ended, and, therefore, such a timeline would not be supported. Employer had the burden of proving when the suspension that it sought should commence.

3. Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law and whether the necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

■ According to *City of Pittsburgh,* Employer has the burden of presenting evidence to establish that Claimant has retired. Such evidence includes "the claimant's receipt of a pension, the claimant's own statements relating to voluntary withdrawal from the workforce, and the claimant's efforts or non-efforts to seek employment." *Id.* at 1210.

■ Here, Claimant testified, and the WCJ found, that Claimant is not receiving a pension from Employer and has not applied for retirement. (WCJ's Findings of Fact, No. 3(b).) Claimant is, however, receiving social security disability benefits in the amount of $390.00 per month. (*Id.*) The receipt of social security disability benefits, by itself, does not prove that Claimant voluntarily removed herself from the workforce.[4] *See City of Pittsburgh,* 67 A.3d at 1210. As in *City of Pittsburgh,* "the disability pension only shows withdrawal from the Claimant's time-of-injury job." *Id.* It does not show a voluntary withdrawal from the workforce.

With regard to Claimant's own statements relating to voluntary withdrawal from the workforce, Claimant testified that

she does not consider herself retired because she "want[s] to work, but can't find work" and she never took a pension or submitted a retirement statement. (N.T., 11/29/07, at 9–10.)

Lastly, with regard to Claimant's efforts or non-efforts to seek employment, the WCJ found Claimant's testimony credible that, following her knee surgery, the workers' compensation insurance company sent her job leads, she applied for each of them, but she was not hired. Claimant also looked in newspapers and the Comcast job search site for possible positions. Claimant applied to several rental car agencies, and Wal–Mart, but was not hired. (WCJ's Findings of Fact, Nos. 3(c), (d), (f), (g), & 6(a).) The WCJ found that Claimant "has been actively seeking employment but has been unable to obtain the same due to her work-related work injury, education, training and experience." (*Id.,* No. 6(a).)

Employer argues that Claimant did not look for work for two years, thus taking herself out of the job market. While the WCAB agreed, the WCJ made no such finding.[5] Further, Claimant's declination to look for work for two years because she

---

4. Disability is defined to include those who are unable "to engage in any substantial gainful activity" because of a medically determinable impairment which lasts for twelve months and is so severe that the individual "is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(1)(A), 423(d)(2)(A). Thus, the receipt of social security disability benefits is actually not evidence that a person voluntarily withdrew from the workforce, but, rather, is evidence that the person's impairment took that person out of the labor market.

In *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Company),* 516 Pa. 240, 532 A.2d 374, 376–77 (1987), our Supreme Court discussed the differences between social security disability benefits and

workers' compensation benefits. The Supreme Court pointed out that social security disability benefits are based on a person's payment of a tax, and, in that sense, they are earned benefits; however, workers' compensation benefits are payments made by an employer, pursuant to a statutory tort system, to a person injured in the workplace. *Id.* Thus, the receipt of "earned" social security disability benefits does not preclude the receipt of "tort" payments under the workers' compensation system.

5. We note that the WCJ is the only factfinder, *Hershgordon v. Workers' Compensation Appeal Board (Pepboys, Manny, Moe and Jack),* 14 A.3d 922, 928 (Pa.Cmwlth.2011), and the WCJ made no finding that Claimant failed to seek work for two years. In making its own finding in that regard, the WCAB exceeded its authority.

found the process depressing does not indicate that she had no desire to work or that Claimant would have ignored a job referral made by Employer during that period of time.

■ An employer cannot rely solely on a claimant's failure to seek work to prove voluntary retirement from the workforce, as an employer has a duty to make job referrals until a claimant voluntarily retires. . Conversely, an employer is not obligated to make job referrals to a claimant who has voluntarily retired from the workforce because such a claimant has indicated a desire not to work. *City of Pittsburgh v. Workmen's Compensation Appeal Board (Robinson)*, 4 A.3d 1130, 1138 (Pa. Cmwlth.2010), *aff'd*, 620 Pa. 345, 67 A.3d 1194 (2013).

Here, Claimant testified, and the WCJ found, that Claimant had a desire to work. (N.T., 11/29/07, at 9–10; WCJ's Findings of Fact, No. 6(a).) Further, Claimant did look for work but was unable to find employment within her restrictions. (WCJ's Findings of Fact, No. 6(a).)

■ Claimant has disputed that she is retired, has not accepted a retirement pension,[6] has looked for suitable work, and has not refused any suitable work. Therefore, pursuant to *City of Pittsburgh*, based on the totality of the circumstances, Employer has not met its burden of proving that Claimant removed herself from the workforce.[7]

Accordingly, we reverse.

### ORDER

AND NOW, this *4th* day of *June*, 2014, we hereby reverse the June 29, 2010, order of the Workers' Compensation Appeal Board.

■

6. Thus, this case is distinguishable from *Day v. Workers' Compensation Appeal Board (City of Pittsburgh)*, 6 A.3d 633, 639 (Pa.Cmwlth. 2010), where the claimant accepted a pension from his employer, as well as social security benefits.

7. According to *City of Pittsburgh*, "if the employer fails to present sufficient evidence to show that the claimant has retired, then the employer must proceed as in any other case involving a proposed modification or suspension of benefits." 67 A.3d at 1210. In order to modify benefits, an employer must produce: (1) "medical evidence of a change in [the employee's] condition," and (2) "evidence of a referral (or referrals) to a then open job (or jobs), which fits the occupational category for which the claimant has been given medical clearance." *Kachinski*, 532 A.2d at 380. Here, Employer, admitted that it did not refer Claimant to any available jobs.