IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sheila Behr,                          :
                                      :
                    Petitioner        :
                                      :
          v.                          : No. 1445 C.D. 2015
                                      : Submitted:  January 8, 2016
Workers' Compensation Appeal          :
Board (School District of             :
Philadelphia),                        :
                                      :
                    Respondent        :


BEFORE:   HONORABLE ROBERT SIMPSON, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE DAN PELLEGRINI, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                              FILED:  February 16, 2016


          Sheila Behr (Claimant) petitions for review of the order of the
Workers' Compensation Appeal Board (Board) affirming the decision of a
workers' compensation judge (WCJ) that granted the petition of the School District
of Philadelphia (Employer) to suspend Claimant's compensation benefits under the
Pennsylvania Workers' Compensation Act (Act).[1]  We affirm.

          In November 1995, Claimant injured her back while in the course and
scope of her employment as a kindergarten teacher for Employer.  In June 1997, by
WCJ decision, Claimant's injury was determined to be a work-related exacerbation

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§1 – 1041.4, 2501 – 2708.

of pre-existing spondylolisthesis at L4-5 and nerve impingement resulting from a bulging/protruding disc. Claimant received $509.00 in weekly compensation benefits based on an average weekly wage of $1,091.00.

In December 2012, Employer filed a petition to suspend Claimant's benefits asserting that she had voluntarily withdrawn from the workforce as of August 28, 2012. Reproduced Record (R.R.) at 1-6.[2] Claimant filed an answer to the petition denying all of the material allegations raised therein, and hearings before the WCJ ensued.

Employer presented the deposition testimony and report of Bruce Janke, M.D., a board-certified orthopedic surgeon, who stated that he examined Claimant on August 28, 2012. Dr. Janke testified that Claimant provided a description of her injury and an extensive treatment history, noting that she did not have surgery or injections, but she had used physical therapy. He stated that Claimant was not undergoing treatment at the time of his examination except for her own home exercises and aspirin to treat pain that she described as intermittent and unchanging for the past five years.

Dr. Janke testified that upon examination, Claimant had a normal gait and normal lumbar spine alignment without any muscle tenderness, and although Claimant had tenderness along the sacral junction, she had good forward and

---

[2] In December 2012, Employer also issued a Notice of Ability to Return to Work, LIBC-757, alleging that Claimant could return to limited duty work per the attached medical report of Bruce Janke, M.D., and advising Claimant that she had an obligation to look for available work; that proof of available employment may jeopardize her right to receive ongoing benefits; and that she had the right to consult with an attorney to obtain evidence to challenge Employer's contentions. *See* Exhibit ES-1 at 16-17. Section 306(b)(3) of the Act, added by Act of June 24, 1996, P.L. 350, 77 P.S. §512(3), requires Employer to provide such notice as a prerequisite to seeking a modification or suspension of benefits.

2

lateral flexion of her back. He stated that his examination of her lower extremities demonstrated normal alignment and no tenderness, deformities, crepitus, or pain on range of motion. He testified that he reviewed and adopted the findings of the 1999 and 2001 reports of Dr. Arnando Mendez, which indicated that Claimant's complaints were consistent with degenerative spondylolisthesis and an aggravation thereof by her injury. He stated that while Claimant was not fully recovered, she had reached maximum medical improvement and could return to work at a sedentary job with restrictions of lifting up to 10 pounds while standing; occasionally lifting 20 pounds; standing for no more than three hours per day; and sitting for up to six hours per day.

Dr. Janke opined that Claimant suffered from chronic low back pain, spondylolisthesis, and lumbar disc disease and that her condition did not warrant treatment beyond her home exercise and occasional aspirin. R.R. at 46, 48. He also opined that Claimant could return to her pre-injury job as a kindergarten teacher with the foregoing restrictions. *Id.* at 47, 48.

Claimant presented the deposition testimony of Robert Sing, D.O., board-certified in family practice, sports medicine, and emergency medicine, who examined Claimant on June 7, 2013. Dr. Sing testified that Claimant presented with lower back pain radiating into the lower extremities and that he noted a normal gait without pain or assistive devices. He stated that Claimant related that she had completed her physical therapy ten years earlier and has not undergone any formal treatment since that time, choosing to engage in a home exercise program and he did not believe that any further treatment would benefit her condition. Dr. Sing said that he had a general idea of Claimant's exercise program, but he was not aware of any specific exercises that she performed and did not ask her regarding

3

her daily activities beyond her exercise program. Dr. Sing conceded that while reviewing documentation from the time of injury was essential to understanding Claimant's current condition, he did not review any medical records from the time of her injury. However, he stated that he did review Dr. Janke's report and an x-ray from June 2013.

Dr. Sing opined that Claimant suffered from grade one anterior spondylolisthesis with severe degenerative disc disease and that she cannot return to her job as a kindergarten teacher. He stated that crucial to this diagnosis was Claimant's instability, a fact noted by her orthopedic surgeon in 1997. Dr. Sing testified that he would impose total restrictions of no bending, crawling, stooping, climbing, squatting, and kneeling and a ten-pound restriction on lifting, pulling, and pushing on a limited basis. He stated that he did not ask Claimant whether the restrictions and limitations would impede her return to work and did not ask how the work-related injury affects her daily life. Nevertheless, he opined that Claimant could return to work if his restrictions were met.

Claimant testified that she was 78 years old and described the manner in which she sustained her work-related injury. She explained that she continues to suffer from "constant pressure pains and twinges that go across [her] back" and that the firmness of the muscle through exercise "keeps the back from hitting the nerve and making it worse." R.R. at 16. She stated that the last time that she saw a doctor or physical therapist "had to have been longer than five years ago," explaining that the original water therapy that she had learned "kept things livable for me." *Id.* She testified that she predominantly performs water exercises in a pool and takes 2 aspirins every 12 hours when she feels pain, adding that she does not take them regularly and does not need to take them at all if she does her

4

exercises. *Id.* at 17. She also stated that she currently lives alone in an apartment and does all of her own cooking and some cleaning and that she owns a car and occasionally drives. *Id.* at 18, 19.

Claimant testified that she moved to Florida in 1997 and has not sought out any employment since that time. R.R. at 18. She stated that she is receiving Social Security retirement benefits[3] and a pension through the Public School Employee Retirement System (PSERS) and that she is retired from working for Employer. *Id.* Claimant testified that she cannot return to work as a kindergarten teacher or to any employment even on a part-time basis, and conveyed this to Dr. Sing, but that she has not discussed her condition with any doctor in the preceding five years. *Id.* at 17, 18.

In March 2014, the WCJ issued a decision disposing of Employer's suspension petition. The WCJ specifically accepted as credible[4] and persuasive[5]

---

[3] Claimant stated, "I tried to go for disability, and then somebody said to me you mi[ght] as well just go for regular benefits. They keep turning you down, and it's not going to make a difference. So whoever told me that, that's what I did." (R.R. at 18).

[4] It is settled that the WCJ is the ultimate finder of fact. *Hayden v. Workmen's Compensation Appeal Board (Wheeling Pittsburgh Steel Corp.)*, 479 A.2d 631, 635 (Pa. Cmwlth. 1984). As the fact finder, the WCJ is entitled to accept or reject the testimony of any witness, including a medical witness, in whole or in part. *General Electric Co. v. Workmen's Compensation Appeal Board (Valsamaki)*, 593 A.2d 921, 924 (Pa. Cmwlth.), *appeal denied*, 600 A.2d 541 (Pa. 1991). In fact, the WCJ may reject the testimony of any witness even if it is uncontradicted. *Capuano v. Workers' Compensation Appeal Board (Boeing Helicopter Company)*, 724 A.2d 407, 410 (Pa. Cmwlth. 1999). Determinations as to witness credibility and evidentiary weight are within the exclusive province of the WCJ and are not subject to appellate review. *Hayden*.

[5] The burdened party in a workers' compensation proceeding must meet both its burden of production and its burden of persuasion to prevail. *Crenshaw v. Workmen's Compensation Appeal Board (Hussey Copper)*, 645 A.2d 957, 963 (Pa. Cmwlth. 1994).

Dr. Janke's testimony based on his "expertise as a practicing orthopedic surgeon which has provided an innate familiarity in treating orthopedic injuries" like those involved herein. R.R. at 61. The WCJ found that using this expertise, as corroborated by "Claimant's own testimony revealing that she receives very minimal treatment for a condition that has remained relatively unchanged for approximately five years," and based upon Dr. Janke's "minimal findings upon examination," support his determination that Claimant is capable of returning to work in a modified capacity. *Id.* at 61-62. The WCJ found that this finding is also supported by Claimant's testimony "that she remains independent with her activities of daily living." *Id.* at 62. The WCJ noted that while Dr. Janke did not have a specific description of Claimant's injury, "he still performed an examination of the lower back to find that the Claimant can return to work in some modified capacity" which was supported by both Claimant's and Dr. Sing's testimony. *Id.*

The WCJ rejected Dr. Sing's testimony as not credible or persuasive because his "qualifications do not rise to the level of expertise necessary to render an opinion with respect to Claimant's orthopedic complaints" and that "a plenary review of the record establishes that he simply does not have the requisite understanding to render a credible opinion with respect to the Claimant's current condition." R.R. at 62. The WCJ explained that "Dr. Sing is admittedly not an orthopedic expert," and cited his "confusing opinion with respect to the Claimant's current ability to work" where he first testified that he disagreed with Dr. Janke, but he "failed to make any attempt to ascertain the Claimant's own personal belief as to her limitation or even how the work injury affects her daily life" and "failed to include any specific restrictions within his written report." *Id.*

6

The WCJ also found Claimant's testimony to be unpersuasive, stating that while it was undisputed that she "continues to suffer from some work-related disability," she "is simply not disabled to the extent that she would have the Court believe." R.R. at 63. As the WCJ explained:

> Despite her own testimony that she is able to live independently, including the ability to drive, cook, and other daily activities with minimal assistance from others, the Claimant continues to believe that she is totally disabled from working in any capacity. This is inconsistent with not only her allegations of disability but also that of Claimant's own medical expert, who found her capable of working under certain restrictions…. [B]oth Dr. Sing and Dr. Janke have testified that the Claimant is capable of returning to work in some capacity. Claimant's apparent total inability to return to work is further conflicting with the unequivocal evidence showing that her current treatment is minimal at best. Surely, one who suffers from serious ongoing and disabling pain would be engaging in treatment beyond home exercises and an occasional aspirin. Undisputed testimony, in fact, indicates that she elected not to seek any formal treatment for at least five years, despite testifying that she remains totally disabled from the work injury. This is simply not the behavior of one who continues to be totally disabled from the work injury.

*Id.*

The WCJ also found that Claimant is retired and is receiving pension from PSERS and that Employer met its burden of proving by substantial, competent evidence that "Claimant has effected a voluntary withdrawal [from] the work-force to the extent that a suspension of benefits is merited." R.R. at 63. Accordingly, the WCJ granted Employer's petition and suspended Claimant's benefits as of August 28, 2012. *Id.* at 63, 64. The Board affirmed the WCJ's decision on appeal and Claimant filed this petition for review.

7

On appeal,[6] Claimant argues that the Board erred in affirming the suspension of her benefits because the WCJ improperly relied on her receipt of a pension in determining that she had voluntarily retired where she was required to draw on her pension due to her age. Claimant also contends that the WCJ erred in relying on her failure to seek employment in determining that she had retired because she had no duty to do so until Employer first established that she had, in fact, voluntarily retired.

As the Pennsylvania Supreme Court has explained:

> Where the employer challenges the entitlement to continuing compensation on grounds that the claimant has removed himself or herself from the general workforce by retiring, the employer has the burden of proving that the claimant has voluntarily left the workforce. There is no presumption of retirement arising from the fact that a claimant seeks or accepts a pension, much less a disability pension; rather, the worker's acceptance of a pension entitles the employer only to a permissive inference that the claimant has retired. Such an inference, if drawn, is not on its own sufficient evidence to establish that the worker has retired-the inference must be considered in the context of the totality of the circumstances. The factfinder must also evaluate all of the other relevant and credible evidence before

[6] In a workers' compensation proceeding, our review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law or whether the necessary findings of fact are supported by substantial evidence. *Milner v. Workers' Compensation Appeal Board (Main Line Endoscopy Ctr.),* 995 A.2d 492, 495 n.2 (Pa. Cmwlth. 2010). "Substantial evidence" is such relevant evidence as a reasonable person might accept as adequate to support a conclusion. *Waldameer Park, Inc. v. Workers' Compensation Appeal Board (Morrison)*, 819 A.2d 164, 168 (Pa. Cmwlth. 2003). In performing a substantial evidence analysis, the evidence must be viewed in a light most favorable to the party who prevailed before the WCJ. *Id.* Where both parties present evidence, it is immaterial that there is evidence in the record supporting a factual finding contrary to that made by the WCJ; rather, the pertinent inquiry is whether there is any evidence that supports the WCJ's factual finding. *Id.*

concluding that the employer has carried its burden of proof.

If the employer produces sufficient evidence to support a finding that the claimant has voluntarily left the workforce, then the burden shifts to the claimant to show that there in fact has been a compensable loss of earning power. Conversely, if the employer fails to present sufficient evidence to show that the claimant has retired, then the employer must proceed as in any other case involving a proposed modification or suspension of benefits.

*City of Pittsburgh v. Workers' Compensation Appeal Board (Robinson)*, 67 A.3d 1194, 1209-10 (Pa. 2013).

With respect to an employer's burden in this regard, the Supreme Court explained that "[i]f an employer is convinced that a claimant has retired, the employer may present evidence to establish that status. . . . [T]he employer may do so by objective facts, including the claimant's receipt of a pension, the claimant's own statements relating to voluntary withdrawal from the workforce, and the claimant's efforts or non-efforts to seek employment." *Robinson*, 67 A.3d at 1210. Where a permissible inference of voluntary retirement obtains, a claimant may defeat the suspension of benefits by establishing a compensable loss of earning power through evidence that she is seeking work or that her work-related disability has forced her to withdraw from the workforce. *Id.* at 1209-10; *Day v. Workers' Compensation Appeal Board (City of Pittsburgh)*, 6 A.3d 633, 641 (Pa. Cmwlth. 2010), *appeal denied*, 81 A.3d 79 (Pa. 2013).

Here, the WCJ's findings demonstrate that he did not improperly rely on Claimant's receipt of a pension or her failure to seek work in determining that she had voluntarily retired, because the Supreme Court in *Robinson* specifically cited these factors. Rather, the record demonstrates that the WCJ appropriately

9

considered those factors as part of the totality of the circumstances in determining that Claimant's current loss of earnings is not related to her work-related injury but, rather, is related to her voluntary withdrawal from the workforce.

As indicated above, it is undisputed that Claimant receives a PSERS pension and Social Security retirement benefits. As the WCJ also recognized, the credited and consensus medical evidence demonstrates that Claimant is capable of returning to work, including her time-of-injury position, with restrictions. Further, Claimant testified that she lives independently and performs daily activities with minimal assistance. Claimant also testified that she does not require any medical treatment or significant medication as a result of her work-related injury. To avert the suspension of her benefits, Claimant offered her own testimony, and no supporting medical evidence, in an attempt to establish that her work-related back injury prevents her from pursuing any employment. The WCJ found this evidence to be unpersuasive. Moreover, Claimant testified that she has not sought any employment since moving to Florida in 1997, and that she considers herself to be retired. In accord with *Robinson*, the totality of the circumstances here supports the WCJ's conclusion that Employer met its burden of demonstrating that Claimant voluntarily retired and was not forced to withdraw from the workforce due to her work-related injury. Consequently, Employer is entitled to a suspension of benefits.[7]

---

[7] Claimant's reliance on *Keene v. Workers' Compensation Appeal Board (Ogden Corporation)*, 21 A.3d 243 (Pa. Cmwlth. 2011), *vacated*, 81 A.3d 881 (Pa. 2013), *on remand*, 92 A.3d 897 (Pa. Cmwlth.), *appeal denied*, 104 A.3d 6 (Pa. 2014), is misplaced. As this Court explained in *Keene*, "Claimant has disputed that she is retired, has not accepted a retirement pension, has looked for suitable work, and has not refused any suitable work. Therefore, pursuant to [*Robinson*], based on the totality of the circumstances, Employer has not met its burden of proving that Claimant removed herself from the workforce." 92 A.3d at 902 **(Footnote continued on next page…)**

10

Accordingly, the Board's order is affirmed.


_____
MICHAEL H. WOJCIK, Judge


_____
**(continued…)**

(footnotes omitted). The distinguishing facts as found by the WCJ in this case and supported by substantial evidence are outlined above.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Sheila Behr, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 1445 C.D. 2015 |
| | : | |
| Workers' Compensation Appeal | : | |
| Board (School District of | : | |
| Philadelphia), | : | |
| | : | |
| Respondent | : | |

O R D E R

AND NOW, this 16<u>th</u> day of <u>February</u>, 2016, the order of the Workers' Compensation Appeal Board dated July 10, 2015, is affirmed.

_____
MICHAEL H. WOJCIK, Judge