IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Cargill Meat Solutions,          :
               Petitioner    :
                              :
         v.                 :    No. 462 C.D. 2021
                              :    Submitted: January 28, 2022
Kathaleen Johnson           :
(Workers' Compensation Appeal    :
Board),                      :
             Respondent   :

BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge
                HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE DUMAS                                  FILED: May 4, 2022

        Cargill Meat Solutions (Employer) has petitioned this Court to review an adjudication of the Workers' Compensation Appeal Board (Board), affirming the decision of the Workers' Compensation Judge (WCJ) to deny Employer's Petition to Suspend Compensation Benefits (Suspension Petition). Relying on this Court's recent decision in *Philips Respironics v. Workers' Compensation Appeal Board (Mika)*, 232 A.3d 1019 (Pa. Cmwlth.), *appeal denied sub nom. Respironics v. Workers' Compensation Appeal Board (Mika)*, 242 A.3d 631 (Pa. 2020) (*Philips Respironics*), Employer asserts that Kathaleen Johnson (Claimant) is ineligible for benefits because she voluntarily left the workforce. After review, we conclude that Employer's reliance upon *Philips Respironics* is misplaced. Moreover, because substantial evidence supports the WCJ's decision that Claimant did not voluntarily leave the workforce, we affirm.

**Background**

Claimant worked for Employer for 12 years. On June 15, 2015, Claimant suffered a work-related injury, diagnosed as a tear to her left rotator cuff. Claimant continued to work but was eventually terminated by Employer on May 31, 2017. A WCJ awarded Claimant total disability benefits as of June 1, 2017.

Thereafter, Employer sought to suspend Claimant's benefits, asserting that she had voluntarily withdrawn from the workforce. Suspension Petition, 2/13/20.[1] At a hearing for Employer's petition, Claimant testified that she continues to experience pain that hinders her completion of daily activities, such as lifting laundry and washing dishes. Although Claimant acknowledged that her physician, Dr. Anthony J. Grippo, had released her to work with certain restrictions, she had been unable to secure employment within those restrictions. According to Claimant, but for her injury and subsequent termination, she would have continued to work. In addition to benefits from Employer, Claimant receives Social Security Disability (SSDI) benefits. *See generally* Notes of Testimony, 2/13/20. Claimant also presented deposition testimony from Dr. Grippo, who confirmed that Claimant requires permanent work restrictions due to her injury. *See* Deposition of Dr. Grippo, 6/3/20, at 15-21.

The WCJ credited Claimant's testimony in its entirety but specifically credited her testimony that "she would have continued working but-for the work related injury and subsequent involuntary discharge[.]" WCJ Decision, 7/24/2020, Finding of Fact (FOF) 10. Based on the evidence presented, the WCJ denied Employer's Suspension Petition. *Id.*, Conclusion of Law (COL) 3. Employer

---

[1] On October 17, 2019, Employer also sought to terminate Claimant's benefits, alleging that she had fully recovered. Termination Petition, 10/17/2019. The WCJ denied the petition, and Employer has not appealed the decision.

appealed to the Board, which affirmed, concluding that based on the credited evidence, Employer did not establish that Claimant had voluntarily removed herself from the workforce. Board Opinion, 3/31/2021, at 5.

## Employer's Claim on Appeal

On appeal to this Court, Employer asserts that the WCJ erred when he determined that Employer had failed to establish that Claimant had retired or voluntarily left the workforce. Employer's Br. at 10. According to Employer, Claimant testified that she has not looked for work since 2017; that she is currently on SSDI; and that she did not plan on returning to work. *Id.* at 12. With this evidence, Employer concludes, it met its burden to prove that Claimant had voluntarily left the workforce for personal or financial reasons. *See generally id.* (citing in support *Philips Respironics*).

## Discussion[2]

"[D]isability benefits must be suspended when a claimant voluntarily leaves the labor market upon retirement." *Philips Respironics*, 232 A.3d at 1021 (citation omitted). However, in seeking to suspend disability benefits to a claimant, an employer bears the initial burden of proving that the claimant has voluntarily left the workforce. *City of Pittsburgh v. Workers' Comp. Appeal Bd. (Robinson)*, 67 A.3d 1194, 1209 (Pa. 2013) (*City of Pittsburgh*). Only after the employer has met this initial burden does the claimant incur any evidentiary burden of proof. *Id.* at 1209-10; *see also, e.g.*, *Philips Respironics*, 232 A.3d at 1021 ("For disability

---

[2] Our review is limited to determining "whether there has been a violation of constitutional rights, whether errors of law have been committed, whether board procedures were violated, or whether necessary findings of fact are supported by substantial evidence." *Bryn Mawr Landscaping Co. v. Workers' Comp. Appeal Bd. (Cruz-Tenorio)*, 219 A.3d 1244, 1252 n.5 (Pa. Cmwlth. 2019) (citation omitted). Substantial evidence is relevant evidence that a reasonable person may accept as adequate to support a finding. *City of Philadelphia v. Workers' Comp. Appeal Bd. (Kriebel)*, 29 A.3d 762 (Pa. 2011).

3

compensation to continue following retirement, a claimant must show that he is seeking employment after retirement or that he was forced into retirement because of his work-related injury.").

"[T]he factfinder must evaluate all of the relevant evidence in determining whether a worker has retired from the workforce." *City of Pittsburgh*, 67 A.3d at 1209. Thus, for example, whether a claimant has elected to receive a pension is probative but not conclusive of a claimant's desire to leave the workforce. *See id.* at 1205-06 (rejecting an employer's argument that acceptance of a disability pension created a rebuttable presumption of retirement); *Keene v. Workers' Comp. Appeal Bd. (Ogden Corp.)*, 92 A.3d 897, 901 (Pa. Cmwlth. 2014). Indeed, this Court has noted that "the receipt of [SSDI] could be evidence that a claimant's work injury forced him or her out of the labor market." *Burks v. Workers' Comp. Appeal Bd. (City of Pittsburgh)*, 36 A.3d 639, 642-43 (Pa. Cmwlth. 2012) (citation omitted).

Initially, we observe that Employer's reliance on *Philips Respironics* is misplaced. In that case, a claimant suffered a work-related injury leaving him unable to perform his prior job. *Philips Respironics*, 232 A.3d at 1020. Although the claimant secured a modified-duty position, he later resigned for financial reasons unrelated to his injury. *Id.* at 1021. Under these circumstances, a panel of this Court suspended the claimant's disability benefits because the claimant had not proven that "he [was] seeking employment after retirement or that he was forced into retirement because of his work-related injury." *Id.*

Importantly, we were not concerned with the employer's initial evidentiary burden because there was no dispute that the claimant had voluntarily left the workforce. *Id.* at 1024 (characterizing the claimant's voluntary withdrawal from the workforce as unequivocal). Rather, our inquiry focused on the claimant's

4

subsequent burden to prove that he remained entitled to disability benefits. *Id.* In directing our attention to this case, Employer has collapsed the sequential approach to our analysis and ignored the shifting evidentiary burdens recognized by our Supreme Court. *City of Pittsburgh*, 67 A.3d at 1209-10.

Here, the question whether Claimant had voluntarily left the workforce was contested and squarely before the WCJ. Thus, it was Employer's initial burden to demonstrate that Claimant had voluntarily left the workforce. *Id.* Employer offered no evidence to meet this burden other than Claimant's testimony. In reviewing the totality of the circumstances, the WCJ considered Claimant's lengthy service with Employer; that she had continued to work after her injury, even beyond her physical limitations; that she had not resigned but was terminated by Employer; that her disability was permanent; that she had nonetheless sought employment within her functional limitations; and that she had qualified for SSDI based on her disability and not due to her age. WCJ Decision, FOF 10. Based on this substantial evidence, the WCJ reasonably concluded that Employer failed in its initial burden to prove that Claimant had voluntarily left the workforce.[3]

For these reasons, we affirm.

LORI A. DUMAS, Judge

---

[3] To the extent that Employer highlights excerpts of Claimant's testimony it deems favorable to its appeal, it is well established that the WCJ serves as the factfinder. "Neither the Board nor this Court may reweigh the evidence or the WCJ's credibility determinations." *Allegheny Health Sys., Inc. v. Workers' Comp. Appeal Bd. (Cochenour)*, 251 A.3d 467, 475 (Pa. Cmwlth. 2021) (citation omitted).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Cargill Meat Solutions, : 
                Petitioner : 
                 : 
         v. :   No. 462 C.D. 2021
                 : 
Kathaleen Johnson : 
(Workers' Compensation Appeal : 
Board), : 
            Respondent : 

# **O R D E R**

AND NOW, this 4th day of May, 2022, the Order of the Workers' Compensation Appeal Board, dated March 31, 2021, in the above-captioned matter is AFFIRMED.

                            _____
                            LORI A. DUMAS, Judge