IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Ogden Corporation (Broadspire), | : | **CASES CONSOLIDATED** |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 200 C.D. 2019 |
| | : | |
| Workers' Compensation Appeal | : | |
| Board (Keene), | : | |
| | : | |
| Respondent | : | |
| | | |
| Frances Keene, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 201 C.D. 2019 |
| | : | Submitted: February 4, 2025 |
| Workers' Compensation | : | |
| Appeal Board (Ogden Corporation), | : | |
| | : | |
| Respondent | : | |

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
HONORABLE MICHAEL H. WOJCIK, Judge
HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                         FILED: February 27, 2025

In these cross-petitions for review (PFR), both parties seek review of
the order of the Workers' Compensation Appeal Board (Board) dated January 11,
2019, affirming the order of a workers' compensation judge (WCJ) denying Ogden

Corporation's (Employer) Petition to Suspend Compensation Benefits (Suspension Petition), but refusing to award Frances Keene (Claimant) attorney fees upon finding that Employer's contest was reasonable. Upon review, we affirm.

## I. Background

We briefly summarize the history of this case, which was more fully set forth in *Keene v. Workers' Compensation Appeal Board (Ogden Corp.)*, 92 A.3d 897, 899 (Pa. Cmwlth. 2014), resolving a prior suspension petition. In October 1989, Claimant sustained a work-related injury to her right knee when she slipped on the step of an airport passenger shuttle that she was operating for Employer. On November 9, 1989, Employer issued a notice of compensation payable accepting the injury, described as a right knee sprain, as compensable. Claimant underwent multiple surgeries, which culminated in a knee replacement surgery in 1995. Claimant returned to work for Employer in a light-duty position on a part-time basis until approximately 2000, when Employer eliminated the position. Claimant has not returned to work since. Claimant has a high school education and no additional training, education, or experience operating a cash register or computer. Claimant continues to receive total indemnity benefits at the rate of $161.03 per week.

In 2007, Employer filed a prior petition to suspend benefits alleging that Claimant had voluntarily removed herself from the workforce. Claimant disputed that she was retired and testified that she had not accepted a retirement pension, continued to look for suitable work, and had not refused suitable work. *Keene*, 92 A.3d at 902. We determined, "based on the totality of the circumstances," that Employer did not meet its burden of proving that Claimant removed herself from the workforce. *Id.*

2

In November 2015, Employer issued a Notice of Ability to Return to Work following an independent medical examination performed by Jon B. Tucker, M.D. (Dr. Tucker) releasing Claimant to perform sedentary work. On December 1, 2015, Employer filed the current Suspension Petition again alleging that Claimant has voluntarily withdrawn from the workforce. The Suspension Petition was assigned to a WCJ for hearing, which was held on April 6, 2016.

Before the WCJ, Employer presented the deposition testimony and report of Dr. Tucker, who is a board-certified orthopedic surgeon. Dr. Tucker testified that he examined Claimant on September 22, 2015, and that Claimant's condition had slightly changed since the last litigation. Dr. Tucker testified that Claimant suffered from work-related post-traumatic arthritis of the right knee and had reached maximum medical improvement. The right knee injury continues to cause her pain and restricts Claimant to light-duty work. He testified that Claimant now also suffers from non-work-related health conditions, including diabetes, peripheral neuropathy, chronic cellulitis, and morbid obesity. He testified that these non-work-related conditions limit her to sedentary work. WCJ's Opinion, 2/1/2018, Finding of Fact (F.F.) No. 4(a)-(e); Reproduced Record (R.R.) at 45a-46a, 49a, 55a, 72a.

Claimant testified regarding her ongoing knee pain and employment status since her last testimony in the prior litigation.[1] Claimant testified that she has not retired and continues to look for suitable work by checking the classifieds in the local newspapers, the job postings on a cable television channel, and with family members to see if they know of any available positions. Claimant testified that she

---

[1] Claimant last testified in January 2014. WCJ's Opinion, 2/1/2018, Finding of Fact (F.F.) No. 3(a).

3

applied for work at a Sam's Club and for a receptionist position with a car dealership but was not offered either job. She testified that most positions available are either not within her physical capabilities because they require eight hours of standing or heavy lifting or not within her vocational capabilities because she lacks computer skills. Claimant testified that she does not collect social security retirement benefits or any pension benefits. Claimant further testified that she briefly suspended her job search when she was hospitalized on January 31, 2016, and spent two months rehabilitating in a nursing home after a bone going into her knee replacement shattered. F.F. No. 3(a)-(f); R.R. at 25a-28a.

The WCJ found that Claimant continues to have right knee pain and restrictions related to the work injury. The WCJ credited the opinion of Dr. Tucker to the extent that Claimant's work-related injury continues to restrict her to modified work but noted that his medical opinion was not relevant to the specific issue of whether Claimant has voluntarily withdrawn from the workforce. The WCJ found Claimant's testimony credible and specifically found that Claimant did not consider herself retired, did not receive social security retirement benefits or a pension, and continued to look for work within her restrictions. F.F. No. 5(a)-(c).

Ultimately, the WCJ concluded that Claimant had not voluntarily withdrawn from the workforce and denied Employer's Suspension Petition. The WCJ awarded Claimant reasonable litigation costs in the amount of $360.94 but did not award Claimant attorney fees upon finding that Employer's contest was reasonable. The WCJ found that the contest was reasonable given the change in Claimant's medical condition, the lapse of time between this Suspension Petition and the prior petition, Claimant's age, and the combination of work and non-work-related medical conditions. F.F. No. 7. From this decision, both Employer and

4

Claimant filed cross-appeals with the Board, which affirmed. The parties then filed cross-PFRs in this Court, which we consolidated for review.[2]

Thereafter, Employer filed a Petition for Supersedeas seeking a stay of Claimant's benefits pending disposition of its PFR, which this Court denied by order dated June 14, 2019, because Employer failed to make a strong showing that it was likely to prevail on the merits.

---

[2] Our review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law, and whether the necessary findings of fact were supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704; *Milner v. Workers' Compensation Appeal Board (Main Line Endoscopy Center)*, 995 A.2d 492, 495 n.2 (Pa. Cmwlth. 2010).

"[I]t is a fundamental tenet of workers' compensation law that the WCJ, as fact[]finder, has complete authority over questions of witness credibility and evidentiary weight." *Sicilia v. API Roofers Advantage Program (Workers' Compensation Appeal Board)*, 318 A.3d 803, 824 (Pa. 2024) (citation and quotation omitted). "As the ultimate fact[]finder, the WCJ has exclusive province over questions of credibility and evidentiary weight and is free to accept or reject the testimony of any witness, including a medical witness, in whole or in part." *Id.* (citation and quotation omitted).

"[T]he appellate role is not to reweigh the evidence or to review the credibility of the witnesses." *Bethenergy Mines, Inc. v. Workmen's Compensation Appeal Board (Skirpan)*, 612 A.2d 434, 437 (Pa. 1992). "We are bound by the WCJ's credibility determinations." *A & J Builders, Inc. v. Workers' Compensation Appeal Board (Verdi)*, 78 A.3d 1233, 1238 (Pa. Cmwlth. 2013). "Moreover, it is irrelevant whether the record contains evidence to support findings other than those made by the WCJ; the critical inquiry is whether there is evidence to support the findings actually made." *Id.* "We examine the entire record to see if it contains evidence a reasonable person might find sufficient to support the WCJ's findings." *Id.* "If the record contains such evidence, the findings must be upheld, even though the record may contain conflicting evidence." *Id.* at 1238-39. "Additionally, we must view the evidence in the light most favorable to the prevailing party and give it the benefit of all inferences reasonably deduced from the evidence." *Id.* at 1239.

5

## II. Issues

Employer contends that the WCJ erred by denying its Suspension Petition where the totality of the circumstances shows that Claimant had retired or otherwise removed herself from the labor force. Claimant argues that the WCJ erred by applying an incorrect standard to determine whether Employer had a reasonable basis to bring this second Suspension Petition where Employer did not prevail on a prior identical petition and alleged no new facts in support.

## III. Discussion
## A. Suspension Petition

Starting with Employer's PFR, Employer contends that the WCJ erred by denying its Suspension Petition. Although Claimant testified that she does not consider herself retired, her actions, or lack thereof, belie this assertion. Claimant did not actively look for work on a sustained basis. She did not apply for any position for more than a year prior to the WCJ's hearing. Based on a totality of the circumstances, Employer argues that Claimant effectively removed herself from the workforce.

Pursuant to Section 413(a) of the Workers' Compensation Act (Act),[3] a WCJ may, at any time, modify, reinstate, suspend, or terminate a claimant's compensation benefits awarded pursuant to a notice of compensation payable, an original or supplemental agreement, or an award of the WCJ, upon the filing of a petition by either party. Where an employer files a suspension petition challenging a claimant's entitlement to continuing compensation on grounds that the claimant has removed herself from the general workforce by retiring, "the employer has the burden of proving that the claimant has voluntarily left the workforce." *City of*

---

[3] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §772.

6

*Pittsburgh v. Workers' Compensation Appeal Board (Robinson)*, 67 A.3d 1194, 1209 (Pa. 2013). Such evidence includes "the claimant's receipt of a pension, the claimant's own statements relating to voluntary withdrawal from the workforce, and the claimant's efforts or non-efforts to seek employment." *Id.* at 1210. As our Supreme Court has explained:

> There is no presumption of retirement arising from the fact that a claimant seeks or accepts a pension, much less a disability pension; rather, the worker's acceptance of a pension entitles the employer only to a permissive inference that the claimant has retired. Such an inference, if drawn, is not on its own sufficient evidence to establish that the worker has retired—the inference must be considered in the context of the *totality of the circumstances. The factfinder must also evaluate all of the other relevant and credible evidence before concluding that the employer has carried its burden of proof.*
>
> If the employer produces sufficient evidence to support a finding that the claimant has voluntarily left the workforce, then the burden shifts to the claimant to show that there in fact has been a compensable loss of earning power. Conversely, if the employer fails to present sufficient evidence to show that the claimant has retired, then the employer must proceed as in any other case involving a proposed modification or suspension of benefits.

*Id*. at 1209-10 (emphasis added).

Here, to satisfy its burden, Employer relied upon Dr. Tucker's testimony and report as well as Claimant's own statements. Dr. Tucker testified that Claimant was capable of performing modified-duty work, which Claimant did not dispute. Relying on Claimant's testimony, Employer emphasizes that Claimant only applied for two positions since her last testimony. On this basis, Employer contends that Claimant has not actively looked for work on a sustained basis and, based on

7

the totality of the circumstances, has effectively removed herself from the labor market. However, the WCJ made no such findings.

Instead, the WCJ found that Claimant does not consider herself retired and continues to look for employment opportunities within her capabilities through newspapers and a cable television site. Since last testifying, Claimant applied for work at Sam's Club and for a receptionist position at a car dealership but was not hired for either job. Claimant is not receiving social security retirement benefits or a retirement pension from Employer.[4] The WCJ's findings are based on Claimant's testimony, which the WCJ credited finding it both "forthcoming and believable." F.F. No. 5(b).

As this Court has previously explained in this very matter: "An employer cannot rely solely on a claimant's failure to seek work to prove voluntary retirement from the workforce, as an employer has a duty to make job referrals until a claimant voluntarily retires." *Keene*, 92 A.3d at 902. Employer has offered no evidence that it made any job referrals or that Claimant has refused suitable work.

Based on the totality of the circumstances, we conclude that Employer has not met its burden of proving that Claimant has retired or otherwise removed herself from the workforce. Thus, the WCJ did not err in denying Employer's Suspension Petition.

---

[4] As previously determined, Claimant is receiving social security disability benefits, which, "by itself, does not prove that Claimant voluntarily removed herself from the workforce." *Keene*, 92 A.3d at 901. A "'disability pension only shows withdrawal from the [c]laimant's time-of-injury job.' . . . It does not show a voluntary withdrawal from the workforce.'" *Id.* (quoting *City of Pittsburgh*, 67 A.3d at 1210).

8

## B. Reasonable Contest

Turning to Claimant's PFR, Claimant contends that the WCJ erred by finding that Employer's contest was reasonable and not awarding her attorney fees. Claimant asserts that Employer simply rehashed claims made in its prior suspension petition, which this Court rejected, without offering any new evidence to prove that Claimant voluntarily removed herself from the workforce. The WCJ did not apply the proper standard and relied on irrelevant criteria -- the passage of time between suspension petitions, new medical evaluation of chronic work injury restrictions, Claimant's age, and the combination of work-related and non-work-related medical conditions – to find that Employer's contest was reasonable. Claimant requests a remand to the WCJ for an award of unreasonable contest fees.

Section 440(a) of the Act[5] affords a claimant the ability to receive costs, including a reasonable sum for attorney fees, when an employer pursues an unreasonable contest. Specifically,

> [i]n any contested case where the insurer has contested liability in whole or in part, including contested cases involving petitions to terminate, reinstate, increase, reduce or otherwise modify compensation awards, agreements or other payment arrangements or to set aside final receipts, the employe or his dependent, as the case may be, in whose favor the matter at issue has been finally determined in whole or in part shall be awarded, in addition to the award for compensation, *a reasonable sum for costs incurred for attorney's fee, witnesses, necessary medical examination, and the value of unreimbursed lost time to attend the proceedings: Provided, That cost for attorney fees may be excluded when a reasonable basis for the contest has been established by the employer or the insurer.*

---

[5] Added by the Act of February 8, 1972, P.L. 25, 77 P.S. §996(a).

9

77 P.S. §996(a) (emphasis added). "[T]he purpose behind Section 440(a) of the Act is to deter unreasonable contests by employers and to [e]nsure that a successful claimant receives compensation undiminished by necessary costs of litigation." *Gabriel v. Workers' Compensation Appeal Board (Procter and Gamble Products Company)*, 242 A.3d 956, 963 (Pa. Cmwlth. 2020) (citation and quotations omitted).

Employer bears the burden of "establishing the reasonable basis for a contest." *Gabriel*, 242 A.3d at 963 (citation and quotations omitted). "Whether . . . there has been a reasonable basis for contesting a claimant's award of benefits depends upon both the facts and the legal issues involved in each case." *Id.* (citation and quotations omitted). It is within the WCJ's discretion to grant or refuse an award of attorney fees when there is a reasonable basis for the contest. *Torres v. Amazon.com Services LLC (Workers' Compensation Appeal Board)*, 313 A.3d 486, 491 (Pa. Cmwlth. 2024). Whether a contest is reasonable is a question of law fully subject to review by this Court. *Gabriel*, 242 A.3d at 963.

Here, although Employer filed a similar suspension petition in 2007 on the same basis that Claimant had retired or removed herself from the workforce, the WCJ found that Employer's contest was reasonable. The WCJ found that Employer had obtained an updated independent medical examination which showed a change in Claimant's condition since the last litigation. The WCJ further found that, given the lapse of time since Employer's last petition, Claimant's age, and the combination of her work-related and non-work-related medical conditions, Employer's contest under the circumstances was reasonable. Based upon these factors, we conclude that the WCJ did not err or abuse her discretion in determining that Employer's contest was reasonable.

10

## IV. Conclusion

Accordingly, we affirm the order of the Board.

 

_____

MICHAEL H. WOJCIK, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Ogden Corporation (Broadspire), | : **CASES CONSOLIDATED** |
| | : |
| Petitioner | : |
| | : |
| v. | : No. 200 C.D. 2019 |
| | : |
| Workers' Compensation Appeal Board (Keene), | : |
| | : |
| Respondent | : |
| | |
| Frances Keene, | : |
| | : |
| Petitioner | : |
| | : |
| v. | : No. 201 C.D. 2019 |
| | : |
| Workers' Compensation Appeal Board (Ogden Corporation), | : |
| | : |
| Respondent | : |

## **O R D E R**

AND NOW, this 27th day of February, 2025, the order of the Workers' Compensation Appeal Board, dated January 11, 2019, is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge