# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David Glaser,                          :
               Petitioner     :
                            :
      v.                          :   No. 1205 C.D. 2017
                            :   Submitted: January 5, 2018
Workers' Compensation Appeal          :
Board (Department of Corrections),     :
             Respondent     :

BEFORE:   HONORABLE ROBERT SIMPSON, Judge
              HONORABLE CHRISTINE FIZZANO CANNON, Judge
              HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**             **FILED: March 6, 2018**

David Glaser (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board (Board) that affirmed an order of a Workers' Compensation Judge (WCJ), which, among other things, granted a termination petition filed by Claimant's employer, the Pennsylvania Department of Corrections (Employer). Claimant contends the WCJ misinterpreted the testimony of his medical expert and therefore incorrectly attributed his current left knee condition solely to a prior military injury. Rather, Claimant asserts, his medical expert clearly testified that his current condition is a work-related aggravation of his previous military injury. Claimant further asserts that the WCJ erred in concluding Employer met its burden of proof in its termination petition that he fully recovered from his work injury. Therefore, Claimant argues the Board erred in affirming the WCJ's decision. Upon review, we affirm.

## I. Background

Claimant worked for Employer as a corrections officer at a state correctional institution. In March 2014, Claimant sustained an injury in the course of his employment while breaking up a fight between inmates. Employer issued a notice of compensation payable (NCP) listing a left knee injury described as a strain/tear. WCJ's Op., 5/11/16, Finding of Fact (F.F.) No. 1. The NCP noted Claimant twisted his left knee while breaking up an inmate fight.

In April 2015, Employer filed a suspension petition alleging that as of March 5, 2015, it offered Claimant his pre-injury job at his pre-injury wage, and that Claimant declined the job offer. Employer also filed a termination petition based upon a medical expert's opinion that Claimant fully recovered from his work injury as of February 16, 2015. In September 2015, Claimant filed a petition to review compensation benefits (review petition) seeking to expand the NCP's description of the injury to include traumatic chondromalacia of the lateral tibial plateau.

In support of its suspension and termination petitions, Employer submitted the deposition testimony of Dr. David Cooper (IME Physician), a physician board certified in orthopedic surgery. F.F. No. 2. IME Physician examined Claimant on February 16, 2015. Id. The doctor took Claimant's history, which included a military service connected left knee injury. Id. That injury required surgery on the left knee for a lateral tibial plateau fracture. Id.

Claimant also provided IME Physician a history of the work incident. Id. He indicated the twisting injury did not hurt him right away but later became a

problem. Id. Claimant underwent surgery by his treating physician, Dr. Raymond E. Dahl (Claimant's Physician), a board certified orthopedic surgeon. A couple of months later, Claimant underwent another surgery, which showed arthritis. Id. Claimant indicated he could still perform most of his activities, but he encountered problems with squatting, kneeling and heavy lifting. Id.

IME Physician's examination revealed no swelling of Claimant's left knee, but his left calf was slightly smaller. F.F. No. 3. Claimant had some cog wheel motion of his left knee, but performed normal range of motion. Id. IME Physician noted Claimant did show signs of symptom magnification when he lightly stressed Claimant's knee and Claimant said it hurt. Id. IME Physician also observed a little crepitation consistent with some arthritis, but no laxity. Id. All tests were negative for residual meniscal tearing. Id. The Lachman, drawer, pivot shift and jerk tests were also negative. Id. IME Physician noted that objectively, any anterior meniscal tear resolved. Id. In addition, IME Physician found no evidence of reflex sympathetic dystrophy. Id.

IME Physician also reviewed Claimant's medical reports and diagnostic studies, including the arthroscopy pictures of Claimant's last surgery in September 2014. F.F. No. 4. These records definitively revealed a twisting injury at work, which IME Physician found compatible with a sprain or strain, and capable of tearing a meniscus. Id. Further, IME Physician reviewed an MRI that showed a suspicion of an anterior medial meniscal tear. Id. The doctor noted that Claimant's Physician agreed and removed the tear. Id. In addition, IME Physician reviewed a

3

second operative report, which showed some arthritis, but no residual meniscal tear. Id.

IME Physician also described and explained Claimant's military injury, which consisted of a lateral tibial fracture. F.F. No 5. IME Physician believed that Claimant's symptoms were consistent with that injury. Id. Therefore, IME Physician diagnosed Claimant's work injury as sprain of the left knee and anterior horn medial meniscal tear. Id.

IME Physician opined that Claimant fully recovered from his work injuries based on the clinical exam, which was normal and showed no residual evidence of any soft tissue injury or meniscal tear. F.F. No. 6. The doctor further opined that the arthritis Claimant suffered could not be related to the work injury because there is no evidence that a soft tissue injury would cause, aggravate, or accelerate any preexisting arthritis in the knee. Id.

The WCJ further noted that IME Physician reviewed Claimant's Physician's medical records, including a September 2014 report to the Department of Veterans Affairs (VA). F.F. No. 7. The report indicated that Claimant's Physician believed with 100% certainty that Claimant's chondromalacia and arthritis of the lateral compartment of the knee were causally related to his military tibial plateau fracture. Id. The WCJ found IME Physician's testimony to be credible because it was clear, concise, logical, internally consistent, and consistent with Claimant's Physician's report to the VA. Id.

Claimant testified on his own behalf and submitted the deposition of his Physician. Claimant testified that while employed as a correctional officer he sustained an injury in March 2014 while breaking up a fight between inmates. F.F. No. 8. Claimant is a member of a special team at the prison, which is similar to a police SWAT team. Id. The team members, who must pass a physical fitness test, have special gear and handle such duties as cell extractions. Id.

Claimant acknowledged he sustained a prior injury to his left knee in 2003 while serving in the Army. Id. He last treated for the Army injury in 2004. Id.

Claimant further testified he underwent surgeries by his Physician in April and September of 2014. Id. Although Claimant's Physician ultimately released him to sedentary light duty, Employer did not offer Claimant such a position. Id. Claimant further testified that his ongoing knee injury prevents him from being able to defend himself from others in the event of an inmate attack. Id.

Claimant's Physician testified he treated Claimant 14 times since March 2014. F.F. No. 9. He initially diagnosed Claimant's work injury as a "left knee sprain/strain, rule out derangement." Id. Thereafter, Claimant's Physician reviewed an MRI, which showed a tear involving the anterior horn and body of Claimant's medial meniscus, and chondromalacia of the patella of the left knee. F.F. No. 10. In April 2014, Physician performed a left knee arthroscopy, at which time he resected the anterior horn and body portion of the medial meniscus. Id.

Claimant's Physician later requested another MRI, and he performed a second surgery in September 2014.  Id.  While performing the chondroplasty, the doctor observed some cracking, softening, and thinning of the articular cartilage involving the lateral tibial plateau, and trochlea of the femur.  Id.  Claimant's Physician also debrided (smoothed out) the chondroplasty.  Id.  In addition, the doctor gave Claimant cortisone injections and viscosupplementation, which is a gel in the knee to help with pain and stiffness.  Id.  On the date of Claimant's last visit in May 2015, the doctor diagnosed Claimant's condition as "status post left knee arthroscopy with chondroplasty, moderate tibial plateau, trochlea of the femur and partial meniscectomy, anterior horn."  Id.

Claimant's Physician opined that Claimant did not fully recover from his work injury.  Id.  Further, Claimant's Physician opined that Claimant's work injury aggravated his preexisting arthritis related to his 2003 Army injury.  Id.  In addition, the doctor agreed that Claimant could only perform sedentary work.  Id.

Finally, the WCJ noted that Claimant's Physician acknowledged his September 2014 report to the VA, wherein the doctor indicated that Claimant's arthritic changes were the result of his service-connected disability.  F.F. No. 11. Claimant's Physician explained that when someone suffers a tibial plateau fracture, the likelihood of developing arthritis is 100%.  Id.

Ultimately, the WCJ found Claimant's Physician's testimony not credible because it contradicted IME Physician's persuasive testimony and Claimant's Physician's 2014 report to the VA.  Id.

In sum, the WCJ found IME Physician's opinion credible that Claimant sustained work-related injuries in the nature of a left knee sprain and an anterior horn medial meniscal tear.  F.F. No. 6.  IME Physician also opined that Claimant's arthritis was not causally related to his work injury "<u>because there is no evidence that [a] soft tissue injury would cause, aggravate, or accelerate any preexisting arthritis in the knee</u>."  Id. (emphasis added).

The WCJ further found IME Physician's opinions consistent with Claimant's Physician's September 2014 report to the VA, wherein he stated he felt with 100% certainty that Claimant's chondromalacia and arthritis of the left knee were related to his military tibial plateau fracture.  F.F. No. 7.  To that end, the WCJ rejected Claimant's Physician's opinion that Claimant's work injury aggravated his preexisting arthritis.  F.F. Nos. 10, 11.

Consequently, the WCJ determined that Employer "sustained its burden of proving by substantial, competent and credible evidence" that Claimant "fully recovered from his work related injury as of February 16, 2015."  WCJ's Op., Conclusion of Law (C.L.) No. 3.[1]  Therefore, the WCJ granted Employer's termination petition effective February 16, 2015, the date of IME Physician's examination.

---

[1] However, the WCJ denied Employer's suspension petition on the basis that Employer failed to establish it offered Claimant a specific position and that he refused it. Conclusion of Law (C.L.) No. 2.  The WCJ also granted Claimant's review petition and amended the NCP to include an anterior horn meniscal tear.  C.L. No. 4.  Although Employer initially appealed the amendment to the NCP, it later withdrew its appeal.  Therefore, neither the suspension petition nor the review petition are it issue in this appeal.

7

On appeal, the Board affirmed. In its decision, the Board reasoned:

> Claimant … contends the WCJ 'unreasonably interpreted' the evidence by incorrectly concluding that [Claimant's Physician] attributed Claimant's current condition only to his prior military injury when he explained in his testimony that he felt Claimant sustained a work-related aggravation of pre-existing arthritis caused by the military injury. We understand Claimant's argument that rather than rendering inconsistent opinions, [Claimant's Physician] stated in his 2014 letter that the chondromalacia and arthritis is related to the military injury, and stated in his 2015 deposition testimony that [he] believed the chondromalacia and arthritis, related to the military injury, was aggravated by the work incident. Our review of the [d]ecision reveals that the WCJ, in fact, summarized [Claimant's Physician's] opinion as presented in his deposition testimony. The WCJ, however, chose to accept [IME Physician's] testimony that the work injury did not aggravate Claimant's pre-existing arthritis for the reasons [IME Physician] articulated, also finding that his opinion (that Claimant's chondromalacia and arthritis involving the lateral compartment of the left knee was related to his fracture while in the military), was compatible with the opinion [Claimant's Physician] expressed in his correspondence. This determination is consistent with the evidence of record. Further, rendering credibility determinations is the quintessential function of the fact-finder, Kasper v. [Workers' Compensation Appeal Board] (Perloff Brothers, Inc.), 769 A.2d 1243 (Pa. Cmwlth. 2001), and in reviewing credibility determinations, substantial deference is due. Casne v. [Workers' Comp. Appeal Bd.] (STAT Couriers, Inc.), 962 A.2d 14 (Pa. Cmwlth. 2008). We see no reversible error.

Bd. Op., 8/1/2017, at 7. Claimant petitions for review.

## II. Issues

8

On appeal,[2] Claimant contends the WCJ unreasonably misinterpreted the testimony of Claimant's Physician and therefore incorrectly attributed his current left knee condition solely to a prior military injury, when, in fact, Claimant's Physician made it clear that Claimant's current condition resulted from a work-related aggravation of his previous military injury. Thus, Claimant asserts the Board erred in affirming the WCJ's decision where his credibility determinations were not supported by substantial evidence. Relatedly, Claimant argues the WCJ erred in concluding Employer met its burden in its termination petition of showing that Claimant fully recovered from his work injury.

### III. Discussion
### A. Credibility Determinations
### 1. Argument

Claimant contends the WCJ erred by misinterpreting Claimant's Physician's testimony. Claimant asserts his Physician testified that the 2014 work injury aggravated an arthritic condition in his left knee, which his doctor in a previous report to the VA causally related to a 2003 tibial plateau fracture Claimant suffered while in the Army. Therefore, Claimant maintains, because the record does not support the WCJ's credibility findings, the Board erred in affirming the WCJ's decision.

Citing Casne, Claimant asserts the WCJ's credibility determinations must be supported by substantial evidence. A reviewing court must view the WCJ's

---

[2] Our review is limited to determining whether the WCJ's findings of fact were supported by substantial evidence, whether an error of law was committed or whether constitutional rights were violated. Phoenixville Hosp. v. Workers' Comp. Appeal Bd. (Shoap), 81 A.3d 830 (Pa. 2013).

9

reasoning as a whole and may overturn a credibility determination if it is arbitrary or capricious, or is so fundamentally dependent upon a misapprehension of material facts, or is so otherwise flawed, as to render it irrational. Id.

Claimant argues that his Physician's September 2014 report to the VA and his deposition testimony in the present case are in complete harmony. Claimant asserts the report indicated the arthritis in his left knee was causally related to his military injury. However, Claimant's Physician did not say that the military injury was the sole cause of Claimant's current arthritic condition. Rather, it was the work-related aggravation of Claimant's pre-existing condition that directly caused Claimant's current disability.

As Claimant's Physician pointed out, Claimant functioned well as a corrections officer and did not have knee problems prior to his March 2014 work injury. He could run and participate in activities of daily living without difficulty in regard to his left knee. After his work injury, he began having problems.

In sum, Claimant's Physician made it clear that Claimant's work injury aggravated his underlying military injury to the point that Claimant could no longer function as a full-duty corrections officer. Claimant cites Section 301 of the Workers' Compensation Act[3] (Act), which defines injury in relevant part as "an injury to an employee, regardless of his previous physical condition …." Because Claimant's Physician opined that the work injury aggravated Claimant's pre-existing arthritic condition, Claimant argues the WCJ erred in characterizing the doctor's

---

[3] Act of June 2, 1915, P.L. 736, as amended, 77 P.S. §411(1).

10

testimony as inconsistent with his 2014 report to the VA.  <u>See</u> F.F. No. 11.  Claimant therefore contends the WCJ's adverse credibility determination is not supported by substantial evidence.  Therefore, Claimant maintains, the WCJ's credibility finding must be overturned.  <u>Casne</u>.

## 2. Analysis

We recognize that the WCJ, as the ultimate fact-finder in workers' compensation cases, has exclusive province over questions of credibility and evidentiary weight.  <u>A & J Builders, Inc. v. Workers' Comp. Appeal Bd. (Verdi)</u>, 78 A.3d 1233 (Pa. Cmwlth. 2013).  The WCJ may accept or reject the testimony of a witness, including an expert witness, in whole or in part.  <u>Id.</u>  "Credibility determinations are more than a series of individual findings."  <u>Casne</u>, 962 A.2d at 19.  "Rather, they represent the evaluation of a total package of testimony in the context of the record as a whole, and reflect subtle nuances of reasoning that may not be fully articulated, nor even fully appreciated, by the fact-finder."  <u>Id.</u>

In Findings of Fact Nos. 6 and 7, the WCJ stated (with emphasis added):

6. [IME Physician] was of the opinion that Claimant was fully recovered from the work related injuries, because the clinical exam was normal showing no residual evidence of any soft tissue injury or meniscal tear.  <u>[IME Physician] was also of the opinion that the arthritis from which … Claimant suffered was not related to the work related injury, because there is no evidence that [a] soft tissue injury would cause, aggravate, or accelerate any preexisting arthritis in the knee.</u>

7. [IME Physician] had an opportunity to review records from [Claimant's Physician] subsequent to the IME. These records included [Claimant's Physician's] report to

11

the [VA] dated September 25, 2014. This report indicated that [Claimant's Physician] felt with 100% certainty that the chondromalacia and arthritis of the lateral compartment of the knee was related to his military tibial plateau fracture. [IME Physician's] testimony is found to be credible because it is clear, concise, logical and internally consistent and consistent with the report of [Claimant's Physician] to the [VA].

F.F. Nos. 6, 7.

IME Physician's testimony supports the WCJ's findings. In a July 2015 deposition, IME Physician testified there is "no evidence that a soft tissue injury would cause, aggravate, or accelerate any preexisting arthritis in [Claimant's] knee. So my opinion would be his arthritis would not be related to any work injury." Supplemental Certified Record (Supp. C.R.), Dep. of David Cooper, M.D. (Cooper Dep.), 7/13/15, at 15. In a November 2015 deposition, IME Physician further testified: "Arthritis – there's no scientific or statistical evidence showing that any underlying arthritis in the knee is changed by any soft tissue injury." Supp. C.R., Cooper Dep., 11/17/15, at 7. IME Physician further testified that there was no evidence of any arthritis on the inside of the knee where the meniscal tear occurred. Id.

Reviewing the WCJ's credibility determinations as a whole, we believe it is clear that the WCJ accepted as credible IME Physician's testimony that Claimant's work injury consisted of a soft tissue injury in the nature of a knee sprain/strain and an anterior medial meniscal tear. See F.F. Nos. 3-7. This includes IME's Physician's testimony and opinion that a soft tissue injury would not aggravate or accelerate Claimant's preexisting arthritis in his left knee. F.F. No. 6.

12

What is more, the WCJ found Claimant's Physician's testimony "incredible because it is contrary to the credible and persuasive testimony of [IME Physician] <u>as well as</u> [Claimant's Physician's] report to the [VA]." F.F. No. 11 (emphasis added). Simply stated, the WCJ rejected Claimant's Physician's opinion because it contradicted that of IME Physician.

Where medical experts testify by deposition, a WCJ's resolution of conflicting evidence must be supported by more than a statement that one expert is deemed more credible than another. <u>Daniels v. Workers' Comp. Appeal Bd. (Tristate Transp.)</u>, 828 A.2d 1043 (Pa. 2003); <u>Dorsey v. Workers' Comp. Appeal Bd. (Crossing Constr. Co.)</u>, 893 A.2d 191 (Pa. Cmwlth. 2006). The WCJ must articulate an actual objective basis for the credibility determination for the decision to be "reasoned." <u>Daniels</u>; <u>Dorsey</u>. As the Supreme Court explained:

> [T]here are countless objective factors which may support the decision to accept certain evidence while 'rejecting or discrediting competent [conflicting] evidence.' For example, an expert witness's opinion may be based upon erroneous factual assumptions ... or an expert may have had less interaction with the subject ... or the interaction was in a less timely fashion ... or the expert may betray a bias or interest in the matter. .... In addition, an expert witness may be unqualified or less qualified than the opposing party's expert; or may be impeached with inconsistencies or contradictions in his or her testimony or reports; or may be impeached in some other convincing fashion.

<u>Daniels</u>, 828 A.2d at 1053 (citations omitted).

Here, the WCJ found IME Physician's testimony to be "credible because it is clear, concise, logical and internally consistent <u>and</u> consistent with the report of [Claimant's Physician] to the [VA]." F.F. No. 7 (emphasis added). Thus, even though Claimant's Physician opined that Claimant's work injury aggravated his preexisting arthritis, F.F. No. 10, the WCJ accepted IME Physician's opinion to the contrary as persuasive. F.F. No. 11. Moreover, IME Physician's testimony remained consistent with Claimant's Physician's report to the VA, which related Claimant's arthritis to his military injury. F.F. No. 7. In short, the WCJ's credibility determinations were based on objective findings, which in turn, were supported by substantial evidence. Therefore, we reject Claimant's contention that the WCJ's credibility determinations regarding the medical evidence must be overturned. <u>Daniels</u>; <u>Casne</u>; <u>Dorsey</u>.

### B. Termination Petition

### 1. Argument

Claimant also contends the WCJ erred in granting Employer's termination petition where Employer failed to meet its burden of proving Claimant fully recovered from his work injury. Claimant asserts his Physician's testimony made it clear that his current symptoms and related disability are the result of a work-related aggravation of a non-symptomatic preexisting condition.

### 2. Analysis

It is irrelevant whether the record contains evidence to support findings other than those made by the WCJ; the critical inquiry is whether there is evidence

14

to support the findings actually made. <u>Furnari v. Workers' Comp. Appeal Bd. (Temple Inland)</u>, 90 A.3d 53 (Pa. Cmwlth. 2014). We examine the record in its entirety to see if it contains evidence a reasonable person would find sufficient to support the WCJ's findings. <u>Id.</u> If the record contains such evidence, the WCJ's findings must be upheld. <u>Id.</u> In addition, we must view the evidence in the light most favorable to the prevailing party and give that party the benefit of all inferences reasonably deducible from the evidence. <u>Id.</u>

Here, IME Physician diagnosed Claimant's work-related injury as a sprain of the left knee and an anterior horn medial meniscal tear. F.F. No. 5; Cooper Dep., 7/13/15, at 14. As discussed above, IME Physician opined Claimant fully recovered from his work injury as of the date of his February 2015 evaluation because his clinical exam was normal and showed no residual evidence of any soft tissue injury or meniscal tear. F.F. No. 6; Cooper Dep., 7/13/15, at 14.

In a termination petition, the employer bears the burden of showing either that the claimant's disability ceased, or that any current disability arises from a cause unrelated to the work injury. <u>Campbell v. Workers' Comp. Appeal Bd. (Antietam Valley Animal Hosp.)</u>, 705 A.2d 503 (Pa. Cmwlth. 1998). Here, the WCJ accepted IME Physician's opinion that Claimant fully recovered from his work-related injuries, which included a sprain of the left knee and an anterior horn medial meniscal tear. IME Physician opined that the arthritis in Claimant's left knee, and any work restrictions related to his arthritic condition, were not causally related to his March 2014 work injury. F.F. Nos. 5-7. These findings are supported by

15

substantial evidence.  <u>See</u> Cooper Dep., 7/13/15, at 14-15; Cooper Dep., 11/17/15, at 7-8.

For these reasons, we discern no error in the Board's decision affirming the WCJ's order.  Accordingly, the order of the Board is affirmed.

 

ROBERT SIMPSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David Glaser, : 
               Petitioner : 
                : 
         v. : No. 1205 C.D. 2017
                : 
Workers' Compensation Appeal : 
Board (Department of Corrections), : 
             Respondent : 

## **O R D E R**

**AND NOW**, this 6th day of March, 2018, for the reasons stated in the foregoing opinion, the order of the Workers' Compensation Appeal Board is **AFFIRMED**.

 

ROBERT SIMPSON, Judge